

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. J. Wardlaw, Commissioner
Livestock Sanitary Commission of Texas
2002 W. T. Waggoner Building
Fort Worth 2, Texas

Dear Mr. Wardlaw:

Opinion No. 0-6659
Re:  Construction of House Bill
No. 879, 49th Legislature, with
respect to limitations upon expendi-
ture.

We acknowledge receipt of your letter
requesting a legal opinion from this department as follows:

"The 49th Legislature, which has just
adjourned, passed H. B. No. 879, which was approved
by the Governor on June 11, 1945. I enclose copy
of this bill for your convenience.

"On June 11, 1945, I directed a letter
to the Honorable George H. Sheppard, a copy of
which letter is enclosed. I am this morning in
receipt of a letter from Mr. Sheppard, dated June 14,
1945, a copy of which letter is enclosed. Attached
to Mr. Sheppard's letter was a copy of an opinion
rendered by the office of the Attorney General as of
date of June 17, 1935.

"I do not believe the opinion rendered as
of June 17, 1945, is the correct rule to be applied
in construing this appropriation. Therefore, I am
writing you for an opinion as to the uses that can
be made by the Commission of the $10,000.00 so appro-
priated, in carrying out the purposes which urged the
Legislature to make the supplemental appropriation.
The necessity for such appropriation is set out in
my letter to Mr. Sheppard.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. J. Wardlaw, page 2

"I think the supplemental appropriation in this
case is different from the subject matter in the
opinion of June 17, 1935, in that the funds appro-
priated by the Legislature, which the opinion of
June 17,1935, was considering, was made by the Legisla-
ture to the different departments of the State Depart-
ment of Education. In that instance the money that
had been appropriated by the Legislature to the State
Departments had stipulated salaries, possibly expenses,
that should be paid by the department of Education;
that when the authorization transfer was made, the funds
so transferred carried with them the limitation placed
thereon by the general appropriations so made by prior
legislatures.

"If I am correct in my idea of the law, then it
seems to me that there is some discretion that could
be used by the Commission in the expenditure of the
$10,000.00.  In other words, if we want to hire men
to carry out the purposes of that appropriation, and
want to pay more salary than provided for in the
general appropriation, we could do so.  We have no
idea of doing this, but I put the hypothetical question
to you that you may determine my idea with reference to
the expenditure of the $10,000.00, and to try and give
you what I think is the difference between the present
appropriation and the one under consideration in the
opinion of June 17, 1935.

"Another reason which prompts me to think the
opinion is not applicable is that we may be forced
to spend money somewhere, sometime, in a manner not
provided for in the general appropriation.

"My question is, can the Commission use any part
of this $10,000.00 for any purpose different from that
provided for in the general appropriation?"

There is attached to Senate Bill No. 317, the
General Appropriations Bill for the coming biennium, general
Provision (14)d, the following:

Honorable L. J. Wardlaw, page 3

"Additional Employees' Compensation. When any
additional employees other than those for which
specific salary appropriations have herein been made,
are employed and are to be paid out of contingent
appropriations, such employees shall not be paid a
larger amount than that provided in the regular
appropriated salaries for similar positions in same
department or agency, and in the event there are no
similar positions within such department, then said
additional employee shall not be paid a larger amount
than that provided for similar positions in other
departments or agencies. . . ."

House Bill No. 879, the Act being considered,
insofar as pertinent, is as follows:

"There is hereby appropriated the sum of Ten
Thousand Dollars ($10,000) out of the general revenues
of the State of Texas to the Livestock Sanitary Commis-
sion of the State of Texas for the purposes of enforcing
the rules and regulations of the Livestock Sanitary
Commission; and the said Commission shall be entitled
to the use and to the expenditure of said moneys hereby
appropriated up to September 1, 1947.

"The fact that the amount now appropriated to the
Livestock Sanitary Commission is insufficient to properly
and adequately enforce the rules and regulations of, and
the laws pertaining to, the Livestock Sanitary Commission,
and that said sum of money is necessary to the enforcement
of said laws, rules, and regulations creates an emergency
. . ."

It is thus perfectly obvious the purpose of the
Legislature, recognizing the emergency for an additional sum,
made this further appropriation, intending thereby to make it
a part and parcel of the general appropriation for your depart-
ment in precisely the same effect, and for precisely the same
general purpose governing such matters under Senate Bill No. 117.

Every reason for the existence of general provision (14)d
above quoted exists why this expressed policy of the Legislature
should apply to the supplemental or additional appropriation
contained in House Bill 879, as in the original Act. These

Honorable L. J. Wardlaw, page 4


limitations and restrictions make for uniformity and equality in the matter of compensation paid to the State's employees, especially in the same department, while a contrary construction of the supplemental appropriation act would violate that expressed underlying policy of the State.

There is another reason, perhaps more potent than the one above given, why additional employees may not be paid salaries in excess of the itemized sums appropriated for employees holding similar positions, and that is, Senate Bill No. 363, of the 48th Legislature, Regular Session, provides that "the salaries of all State officers and all State employees . . . shall be for the period beginning September 1, 1943, and ending August 31, 1945, in such sums or amounts as may be provided for by the Legislature in the general appropriation bills. . . ." Senate Bill No. 324 of the Regular Session of the 49th Legislature is identical with this provision, but covering the period beginning September 1, 1945, and ending August 31, 1947. There being no amount specified in House Bill No. 879 for salaries and employees, salaries paid under this supplemental appropriation must necessarily be controlled by the pertinent biennial general appropriation bills, which do fix salaries.

Nothing we have said herein is to be construed as limiting the appropriation under consideration to paying salaries, nor even to the specific items of the general appropriation acts. On the contrary, the appropriation is much more general in its purpose and would cover any appropriate item within the broad language of "purposes of enforcing the rules and regulations of the livestock sanitary commission."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED JUN 14, 1945

ATTORNEY GENERAL OF TEXAS

OS:AMM